IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINDY GATES,

    Plaintiff,

vs.                                                               Civ. No. 00-1425 WWD/DJS

SAN JUAN COUNTY. NEW MEXICO
       D/B/A/ San Juan County Detention Center;
and DARRELL WHITAKER,
      Individually and in his Official Capacity,

    Defendants.


## MEMORANDUM OPINION AND ORDER

      This matter comes before the court upon Defendants' Motion for Summary Judgment on Section 1983 Claims [docket no. 21]. The motion will be granted. Defendants cite Plaintiff's failure to exhaust her administrative remedies as required by the Prison Litigation /Reform Act of 1995. 42 U.S.C. §1997e(a) [PLRA], which reads in pertinent part as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff's complaint alleges that a sexual assault, which was committed on her by a corrections officer who "forced, coerced, and otherwise improperly induced...[Plaintiff and another inmate]... into performing sexual acts on one another", was a cruel and unusual punishment claim under the Eighth Amendment and that such an assault is not covered by the "prison conditions" language of 42 U.S.C. §1997e(a) which requires exhaustion of administrative remedies. As used in the PLRA,

"prison conditions" covers almost everything which happens to a prisoner in prison. Based on case law, the alleged misconduct on the part of a corrections officer would seem to fall under "prison conditions" for purposes of requiring exhaustion of administrative remedies. *See* Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1825 (2001), affirming Booth v. Churner, 201 F.3d 289, 291 (3rd Cir. 2000) which held that excessive force is a "prison condition" requiring exhaustion of administrative remedies for purposes of the PLRA; Johnson v. Litscher, 260 F.3d 826, 828 (7th Cir. 2001); Bates v. Day (Unpublished), 2001 WL 1356128, at *1 (10th Cir. 2001). In the absence of any evidence, affidavit, etc., that Plaintiff herself was denied access to the grievance process, Plaintiff's assertion to that effect is insufficient to withstand summary judgment. Additionally, the argument that exhaustion is excused where seeking administrative relief would be futile was specifically rejected in Booth. 21 S.Ct. 1819, at 1825, n.6. Plaintiff's transfer to State custody after her conviction does not by itself excuse the requirement of exhaustion of administrative remedies. Such a transfer is not, as argued by the Plaintiff, analogous to the situation where a prisoner has been released from custody and therefore does not have to exhaust administrative remedies. Plaintiff's last argument is that she complied with the exhaustion requirement of the PLRA by informing the Federal Bureau of Investigation of her allegations, and that the FBI then informed the San Juan County Detention Center. No authority is cited to support this proposition. A similar argument was rejected in Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999), and it is also rejected here.

**WHEREFORE,**

**IT IS ORDERED** that Count I of Plaintiff's Complaint be, and it is hereby, **DISMISSED** without prejudice.

_____
UNITED STATES MAGISTRATE JUDGE